# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| GARY STEVEN VASILOFF, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | 4:10-cv-8001-VEH-PWG |
| ) | (4:07-cr-0337-VEH-PWG) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S FINDINGS & RECOMMENDATION

Gary Steven Vasiloff is serving a sentence of 3,900 months imposed by this court, following his plea of guilty to 21 counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He initiated this action by filing a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his federal sentence. (Civ. Doc. 1; Crim. Doc. 38 )[1]. The Government has filed a motion to dismiss, based on the sole ground that all of the claims set forth in Vasiloff's § 2255 motion are subject to a waiver in his plea agreement that precludes him from collaterally attacking his conviction or sentence, except to the extent that his sentence exceeds the statutory maximum. (Civ. Doc. 6). The Government's motion to dismiss is before the undersigned magistrate judge for findings and a recommendation pursuant to 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; and LR 72.1(b)(3)(B). Upon consideration, it is recommended that the Government's motion to dismiss is

---

[1]Citations to "Civ. Doc(s) ___" are to the document numbers assigned by the clerk to the pleadings in the court file of this § 2255 "civil" case, 4:10-cv-8001-VEH-PWG, as reflected on the docket sheet. Citations to "Crim. Doc. ___" are to the document numbers in the underlying "criminal" case, 4:07-cr-338-VEH-PWG.

due to be denied and that the Government be given an opportunity to file a response addressing the merits of Vasiloff's § 2255 claims.

In *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held that a

> valid sentence-appeal waiver precludes a defendant from attempting to attack his sentence through a claim of ineffective assistance of counsel during sentencing. The court recognized, however:
>
> > [T]here may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement. *See, e.g., United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (determining that because defendant's ineffectiveness claim under § 2255 did not relate to the plea or plea agreement but related only to the alleged mishandling of sentencing, the court did not need to decide whether a defendant could in fact waive a claim of ineffective assistance); see also [*United States v.*] *White*, 307 F.3d [336, 343 (5th Cir. 2002)] ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); [United States v.] Cockerham, 237 F.3d [1179] at 1191 [(10th Cir. 2001)](holding that ineffective-assistance-of-counsel claim survives express waiver of right to bring collateral attack on sentence "where it challenges the validity of the plea or waiver"). Because Williams's claims assert ineffectiveness at sentencing and do not concern representation relating to the validity of the plea or waiver, we need not, and do not, reach the other situation.

*Williams,* 396 F.3d at 1342, n.2. Further, in *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004), the Eleventh Circuit held, in the context of a direct appeal, that the defendant's sentence-appeal waiver which specifically applied only to the sentence imposed did not waive the defendant's claim that the plea agreement was breached but rather waived only his right to appeal sentencing issues. *Copeland*, 381 F.3d at 1105.

In *Cowart v. United States*, 139 Fed. App'x 206, 207-208 (11th Cir. 2005), the Court relied upon the footnote language in *Williams* and upon *Copeland* in holding that issues related to the

2

validity of the plea or waiver itself are not precluded by the sentence-appeal waiver. The Court stated:

> As in *Copeland*, the language of Cowart's sentence appeal waiver provided that she waived her right "to collaterally attack her sentence," and did not mention a waiver of the right to attack her plea or the plea agreement itself. *See Copeland*, 381 F.3d at 1105. Therefore, Cowart's valid sentence-appeal waiver does not preclude these issues, which relate to the validity of the plea or waiver itself.

139 Fed. App'x at 208. Likewise, in *Patel v. United States*, 252 Fed. App'x 970, 974-975 (11th Cir. 2007), the court expressly held that plea agreement waiver, even if valid, could not preclude consideration of § 2255 claims contesting the validity of the guilty plea or the plea agreement based on counsel's alleged ineffective assistance.

This case is similar to *Cowart* and *Patel* in that the waiver providing that Vasiloff waived his right to challenge in any collateral attack the sentence imposed, the manner in which the sentence was imposed, and any fines or special assessments. The waiver did not mention a waiver of his right to attack the plea or plea agreement itself. Any sentencing issues may ultimately be precluded based upon the waiver; however, under Eleventh Circuit precedent, a challenge to the validity of the plea or plea agreement based on events leading up to the plea or plea agreement (such as the ineffectiveness of counsel) would not be precluded by the waiver in this case.

Based on the foregoing, the magistrate judge RECOMMENDS that the Government's Motion to Dismiss (Civ. Doc. 6) be DENIED and that the Government be given an opportunity to file a response addressing Vasiloff's § 2255 claims on the merits.

### Notice of Right to Object

Any party who objects to this report and recommendation must, within 14 days of the date on which it is entered, file specific written objections with the clerk of this court. Failure to do so

will bar any later challenge or review of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge. A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

As to the foregoing it is SO ORDERED this the 4th day of September, 2012.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE